UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN FOREMAN,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>JONATHAN HEMINGWAY,<br>PATTON, and WEAVER,<br><br>　　Defendants. | Case No. 22-10401<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [26],
ADOPTING REPORT AND RECOMMENDATION [22], AND
DENYING  MOTIONS FOR DEFAULT JUDGMENT [9, 16]**

Benjamin Foreman sues the United States, as well as Warden Jonathan Hemingway, Officer Patton, and nurse practitioner Weaver, in their individual capacities for injuries he allegedly suffered from being exposed to and contracting COVID-19 while incarcerated at FCI Milan and from the facility's alleged mishandling of his treatment for COVID-19. He believes Defendants violated the Fifth and Eighth Amendment and brings suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act.

Before the case can really get started, however, Foreman must over overcome some procedural hurdles. Foreman filed certificates of service for the U.S. Attorney, Hemingway, Weaver, and Patton, stating he served all Defendants on April 14, 2022.

(ECF Nos. 5–8.) The docket states that Hemingway and Patton were supposed to answer by May 5. (*See id.*) But Federal Rule of Civil Procedure 12(a)(3) states that United States officers sued in their individual capacity have 60 days from service to respond, so Hemingway and Patton (who both work at FCI Milan) had until June 13 to answer.

Foreman, incorrectly relying on the typical 21-day answer deadline for non-United States defendants, moved for default judgment against Hemingway and Patton on June 1. (ECF No. 9.) In response, the United States, who timely answered the complaint (ECF No. 12), filed a "statement of interest" requesting the Court not enter a default judgment against Hemingway (ECF No. 11). Foreman moved for the same relief against both Patton and Hemingway again on June 24 (ECF No. 16), and the United States again filed a statement of interest, but this time on behalf of Patton (ECF No. 17).

All pretrial matters were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 10.) Magistrate Judge Altman issued a Report and Recommendation on the two (apparently identical) motions for default judgment, recommending that they both be denied. (ECF No. 22.) Specifically, the Report found that Foreman had not moved for a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and that Foreman had not served Hemingway or Patton under Federal Rule of Civil Procedure 4.

Foreman objected to the recommendation (ECF No. 26), and the United States (who is now representing Hemingway) responded (ECF No. 27). For the reasons

explained below, the Court overrules Foreman's objections and adopts the Magistrate Judge's recommendation. Foreman's motions for default judgment are denied.

## I. Legal Standard

When a party objects to a magistrate judge's Report and Recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). But "[t]he district court need not provide de novo review where the objections are frivolous, conclusory or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Accordingly, objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Objections

In most cases, entry of a default judgment requires three steps: one, the plaintiff serves the defendant pursuant to Federal Rule of Civil Procedure 4; two, if the defendant does not timely respond, the plaintiff requests the Clerk to enter default against the defendant under Federal Rule of Civil Procedure 55(a); and three, upon plaintiff's request, the Court evaluates whether default judgment should be entered under Rule 55(b).

Here, however, Foreman skipped the first two steps. He did not serve Patton or Hemingway under Rule 4 and he did not properly seek a clerk's entry of default. So Foreman's motions for default judgment will be denied.

## A. Service

Starting with service, the Court overrules Foreman's objection that he served Patton and Hemingway pursuant to Federal Rule of Civil Procedure 4(e)(2)(C).

That provision of Rule 4 states that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). According to Foreman, the return receipts show that an authorized agent signed on behalf of Patton and Hemingway.

Foreman has not shown he served Patton and Hemingway as directed by Rule 4. All the return receipt reflects is that the "agent" box, as opposed to the "addressee" box, was checked off by whomever signed the receipt. Foreman does not provide any evidence or argument that the individual who signed was "an agent authorized by appointment or by law" to receive service on behalf of Patton and Hemingway. In fact, the Court was given no information as to the identity of the person who signed for the documents. Further, it is doubtful that an individual at FCI Milan (where the documents were sent) would be an authorized agent to accept service on behalf of the institution's employees who are sued in their individual capacities. *See Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017) (finding that district court did not err in concluding that defendant was not served under Rule 4(e)(2)(C) "[g]iven the lack of evidence that [the jail employee] was the officers' agent for service of process").

Foreman's citation to *Republic of Sudan v. Harrison,* 139 S. Ct. 1048 (2019), does not persuade the Court otherwise, as that case addresses serving a foreign state.

4

Resisting this conclusion, Foreman states that there is evidence that Hemingway had notice of this lawsuit because the United States' statement of interest indicated that Hemingway had requested legal representation from the Department of Justice. (ECF No. 11, PageID.85.) But Foreman is conflating notice with service. Rule 4 commands that "[t]he plaintiff is responsible for having the summons and complaint served" and provides specific ways by which officers of the United States who are sued in their individual capacities can be served. *See* Fed. R. Civ. P. 4(e), 4(i)(3). Nothing in these specific rules provides that an individual was served if he had notice of the suit.

In sum, the Court overrules Foreman's objection that he served Patton and Hemingway.

### B. Jurisdiction

Perhaps in an attempt to excuse his failure to obtain a clerk's entry of default (step two in obtaining a default judgment), Foreman asserts that the Magistrate Judge "did not have jurisdiction" to rule on his motions for default judgment because Foreman has filed an emergency petition for a writ of mandamus with the Sixth Circuit. (ECF No. 26, PageID.278.) The emergency petition sought to compel the Clerk of the Court to enter a default judgment against Hemingway and Patton. *In re Benjamin Foreman*, No. 22-1611 (6th Cir. Jul. 13, 2022).

The Court overrules this objection for several reasons.

First, Foreman did not present this argument to the Magistrate Judge. *See Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the

Federal Magistrates Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Instead, he moved the Court to enter default judgment on June 1 and June 24 (*see* ECF Nos. 9, 16), and then on July 13, while those motions were still pending, filed a petition for writ of mandamus (ECF No. 26, PageID.288). Nothing on the docket suggests that Foreman attempted to inform the Court of this pending writ or its purported effect on the Court's jurisdiction. Only after the Magistrate Judge issued a recommendation did Foreman assert that she did not have jurisdiction to do so.

Second, there is at least some authority for finding that a pending mandamus action in the court of appeals does not divest the district court of jurisdiction to decide other issues. *Farrell v. US Bank Nat'l Assoc.*, No. 14-11781, 2015 WL 13035017, at *1, n. 1 (E.D. Mich. Jan. 15, 2015) ("[T]he filing of a petition for a writ of mandamus [in the court of appeals] does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court." (quoting *Hubbard v. Midland Credit Mgmt., Inc.*, No. 1:05-cv-0216-DFH-TAB, 2009 WL 2148131, at *1 (S.D. Ind. Jul. 6, 2009))); *see also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("[P]etitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case."). Foreman does not provide any authority to the contrary. And this rule makes even more sense in this case where Foreman has not petitioned for a writ of mandamus against Magistrate Judge Altman or the undersigned, but rather the Clerk of the Court. *See* "Emergency Writ of Mandamus," *In re Benjamin Foreman*, No. 22-1611 (6th Cir. Jul. 13, 2022) (asking the Sixth Circuit

6

to "compel Kinikia D. Essix, Clerk of the Court to enter Default Judgment in favor of Plaintiff Benjamin P. Foreman in the sum of $2.5 million dollars as to each individual Defendant Jonathan Hemingway and BOP Officer Patton consistent with Fed. R. Civ. P. 55(a)"). In other words, even if the Sixth Circuit were to issue the writ, it is not clear that it would constrain this Court.

This brings the Court to a final, more fundamental issue: there are two ways to interpret the petition, but under either, the outcome in the Sixth Circuit would likely have no effect on whether this Court would ultimately be responsible for entering a default judgment.

One way to interpret Foreman's petition is to construe it as a request to the Sixth Circuit to order the clerk to enter default (as opposed to a request for default *judgment*). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."). In that case, the petition has no bearing on this Court's reason for denying the motion—improper service. So Foreman's petition would not be dispositive, and the Court would still not issue a default judgment even if the Sixth Circuit were to direct the Clerk to enter default.

It is also possible that, instead of asking for a clerk's entry of default, Foreman is asking the Sixth Circuit to direct the clerk to enter default judgment under Rule 55(b)(1). If Foreman's request properly falls under that provision, the Clerk may enter "judgment for that amount and costs against a defendant who has been defaulted for

7

not appearing[.]" Fed. R. Civ. P. 55(b)(1). In that case, the Court would not be responsible for entering a default judgment.

But Foreman cannot properly invoke Rule 55(b)(1) and have the clerk enter default judgment. Foreman has the burden of showing that Rule 55(b)(1) applies, and he has not met that burden. First, in addition to not obtaining a default, Foreman has not shown that his claim is for a "sum certain." Fed. R. Civ. P. 55(b)(1). "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003); *see also Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021). Foreman brings claims under the Eighth Amendment's cruel and unusual punishments clause, the Fifth Amendment's Due Process Clause, and the Federal Tort Claims Act for injuries arising from his exposure to and contraction of COVID-19. (ECF No. 1, PageID.11, 17, 18, 21.) None of these claims imply a sum certain or definite amount of compensation, especially when Foreman is asking to be compensated for his "physical injury and mental injuries in which are still on-going to date[.]" (ECF No. 1, PageID.23); *see also Mwani v. Bin Ladin*, 244 F.R.D. 20, 23 (D.D.C. 2007) (finding a hearing to determine damages necessary because "Plaintiffs request damages to compensate for the loss of human life, serious bodily injury, emotional distress, business losses, and personal injury claims—none of which evoke a sum certain or definite amount."). And it is not enough for Foreman to demand a fixed amount ($2.5 million per Defendant) in his complaint. *See AGCO Finance, LLC*

8

*v. Littrell*, 320 F.R.D. 45, 48 (D. Minn. 2017) ("Although AGCO requested a precise damages award, a litigant cannot satisfy the certainty requirement simply by requesting a specific amount." (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2683 (4th ed. Sept. 2016))).

And while Foreman did submit affidavits with his motion, they do not "show" the amount due as required by Rule 55(b)(1). Neither affidavit attempts to compute the damages amount or provides any basis for the $2.5 million Foreman requests against each defendant. (*See* ECF No. 9, PageID.80–81; ECF No. 16, PageID.178–179.) So the Clerk of the Court would not be permitted to enter a default judgment for Foreman under Rule 55(b)(1). This interpretation of Foreman's petition thus also would not affect the Court's duty to evaluate whether a default judgment is appropriate.

Thus, both roads lead to the same place: regardless of how Foreman's petition for a writ of mandamus is interpreted, the Court would still be required to evaluate his motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). So Foreman's objection based on his pending petition is overruled because the petition was not raised with the Magistrate Judge, Foreman has provided no authority that it strips the Court of jurisdiction, and it would not affect this Court's responsibility to enter default judgment, which it would not do on the current record.

### III. Conclusion

The Court OVERRULES Foreman's objections (ECF No. 26), ADOPTS the Report and Recommendation (ECF No. 22), and DENIES Foreman's motions for default judgment against Hemingway and Patton (ECF Nos. 9, 16).

SO ORDERED.

Dated: September 12, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
