UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
JONATHAN HEMINGWAY,
UNKNOWN MEDICAL STAFF,
NP WEAVER, and OFFICER
PATTON,

    Defendants.
_____/

Case No.  2:22-cv-10401
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER DENYING PLAINTIFF'S REQUEST[1] FOR SUSPENSION OF SCHEDULING ORDER (ECF No. 70)
AND
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 69)[2]**

I.     Introduction

This is a civil rights case. Plaintiff Benjamin P. Foreman (Foreman), proceeding *pro se*, filed a complaint naming the United States of America (the Government), Warden Jonathan Hemingway (Hemingway), NP (Nurse

---

[1] Foreman's request for suspension of scheduling order (ECF No. 70) was not docketed as a motion but the Court will consider it to be a motion.

[2] Upon review of the parties' papers, the undersigned deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Practitioner) Weaver (Weaver), Officer Patton (Patton), and unknown medical staff as defendants. He asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), alleging that defendants violated his constitutional rights while he was incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI Milan). *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 10).

On June 23, 2023, the Court granted in part Foreman's motion for an extension of dates. The Court ordered that Foreman's expert disclosure was due August 1, 2023, and Defendants' expert disclosure by September 1, 2023. (ECF No. 59). Additionally, the expert discovery deadline was extended to October 1, 2023, and the dispositive motion deadline to November 1, 2023. (*Id.*).

Foreman now seeks appointment of counsel and a suspension of the scheduling deadlines in order to help him secure an expert witness in support of his claims. (ECF Nos. 69, 70). Defendants have responded, opposing both of Foreman's requests. (ECF No. 72). For the reasons that follow, Foreman's motion to suspend the scheduling order will be DENIED, and his motion for appointment

2

of counsel will be DENIED WITHOUT PREJUDICE.[3]

## II. Motion to Suspend Scheduling Order

### A. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id*. The Sixth Circuit considers the following factors to determine whether to grant additional time for discovery: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id*.

### B. Application

---

[3] Also pending is a motion to dismiss from defendant Weaver, which will be the subject of a future Report and Recommendation.

1.      Parties' Arguments

As outlined in Foreman's motion, (ECF No. 70), he had difficulty obtaining an expert opinion from American Medical Experts, LLC (AME), despite working with AME through an attorney and paying for AME's services. (ECF No. 70, PageID.819). These facts, however, were already considered when the Court extended the date for Foreman's expert witness disclosures from June 1 to August 1, 2023. (ECF No. 59). After this extension, Foreman attempted to procure the services of another expert witness, but that arrangement fell through on June 23, 2023, when the potential witness discovered that Foreman did not have a licensed attorney involved with the case. (ECF No. 70, PageID.819-820). As such, Foreman has requested that the scheduling order deadlines be suspended and, relatedly, that he be appointed counsel in this matter so that he can obtain an expert witness to support his claims.

Defendants argue that Foreman did not diligently pursue obtaining witnesses. He made no apparent attempt to obtain an expert witness until a year after filing the complaint, as evidenced by his letter to AME noting that he had submitted the required forms and payment to AME on February 27, 2023. (ECF No. 51, PageID.537). Furthermore, Defendants say that Foreman has not been pursuing the correct type of expert witness; his medical malpractice claim against NP Weaver must be supported by an expert witness related to the duties of a nurse

practitioner, *not* a physician. (ECF No. 72, PageID.849-850 (citing *Milline v. CorrectCare Sols., L.L.C.*, No. 17-CV-12723, 2021 WL 4583837, at *6 (E.D. Mich. Oct. 6, 2021))). Defendants also note that while his medical malpractice claims must be supported by expert testimony, this is not strictly required in order to support his *Bivens* claims.

Defendants argue that they would be prejudiced by further delay, which would increase their litigation costs, cause surprise and disruption, and distract from Defendants' preparation to further litigate the matter. (ECF No. 72, PageID.854-855).

2. Discussion

In its prior order, the Court noted that Foreman's request to extend his expert disclosure date to September 1, 2023 was not supported and that an August 1, 2023 deadline would be sufficient. (ECF No. 59). Since that time, Foreman has had difficulties in obtaining expert witnesses. However, these difficulties were caused in part by his lack of diligence in pursuing this matter. Also, denying his request will not itself defeat all of his claims because he does not need an expert witness to present his *Bivens* claims. And, given the length of time Foreman has had to obtain expert witnesses, any further delay would unduly prejudice Defendants.

Foreman has not presented any additional compelling reason for an extension beyond the current August 1, 2023 deadline. Therefore, his request to

suspend the scheduling order is denied.

### III. Motion for Appointment of Counsel

#### A. Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted).

#### B. Application

Foreman requests appointment of counsel or alternatively, submission of his suit to the Pro Bono Committee for consideration of *pro bono* counsel. As an initial matter, although the Court does not have a Pro Bono Committee, it has a *Pro Se* Case Administrator. If Foreman's request for appointment of counsel was granted, his case would be submitted to the *Pro Se* Case Administrator to try to obtain counsel for him.

However, Foreman has not presented exceptional circumstances that would warrant the appointment of counsel at this time. An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty,

6

lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). Moreover, though Foreman brings *Bivens* and medical malpractice claims, they are not unusually complex and he has demonstrated an "ability to handle the case in a pro se capacity throughout the proceedings below." *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013). Additionally, as Defendants note, Foreman is a frequent filer and has years of experience litigating cases *pro se* in federal court. (ECF No. 72, PageID.856 (collecting cases in which Foreman appears as a plaintiff)).

The crux of Foreman's request is that the latest expert witness he engaged to testify in this matter would not work with him unless he had counsel. However, Foreman had previously engaged counsel in order to obtain expert witness testimony with AME, he does not claim indigency, and he has not shown that his lack of counsel has affected his ability to obtain an expert witness on more than one occasion. Further, as noted above, his *Bivens* claims do not require an expert witness.

Foreman states that he plans to proceed to a jury trial, which merits appointment of counsel. However, summary judgment motions have not yet been filed. Should Foreman's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time. Accordingly, his motion for appointment of counsel is denied without prejudice.

7

IV. Conclusion

For the reasons stated above, Foreman's motion to suspend the scheduling order is DENIED, (ECF No. 70), and his motion for appointment of counsel is DENIED WITHOUT PREJUDICE, (ECF No. 69).

SO ORDERED.

Dated: August 22, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2023.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager