UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

     Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

     Defendants.

Case No. 22-10401
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

## ORDER ACCEPTING REPORT AND RECOMMENDATION [87] AND GRANTING SARAH WEAVER'S MOTION TO DISMISS [44]

Benjamin Foreman filed this pro se case against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, and against Jonathan Hemingway, Sarah Weaver, and other unnamed individual defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Foreman alleges that the defendants violated his rights while he was incarcerated at the Federal Correctional Institution in Milan, Michigan. (*See* ECF No. 1.) Sarah Weaver moved to dismiss the claims against her. (ECF No. 44.) Before the Court is Magistrate Judge Altman's Report and Recommendation that Weaver's motion be granted. (ECF No. 87, PageID.1802.)

At the conclusion of the November 2, 2023 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that

"[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 87, PageID.1816–1817.) It has now been more than 50 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 87.) It follows that Defendants' Motion to Dismiss (ECF No. 44) is GRANTED.

SO ORDERED.

Dated: December 28, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE